The Hon. Richard A. Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> DAANISH MAZHAR, <br><br> Defendant. | NO. 2:24-cr-00083-RAJ <br><br> **COMBINED ORDER OF FORFEITURE AND PRELIMINARY ORDER OF FORFEITURE** |

THIS MATTER comes before the Court on the United States' Motion for a Combined Order of Forfeiture and Preliminary Order of Forfeiture ("Motion") seeking to forfeit, to the United States, Defendant Daanish Mazhar's interest in the following property (collectively "Subject Property"):

    a.    a judgment for a sum of money (also known as a forfeiture money judgment) in the amount of $263,284.09, representing the proceeds Defendant obtained from his commission of the wire-fraud scheme charged in Count 1; and

    b.    one 2021 BMW M550 with VIN WBA13BK05MCH53113 ("Subject Vehicle").

    c.

COMBINED ORDER OF FORFEITURE AND
PRELIMINARY ORDER OF FORFEITURE - 1
*United States v. Mazhar*, 2:24-cr-00083-RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## I. ORDER OF FORFEITURE

The Court, having reviewed the United States' Motion, as well as the other papers and pleadings filed in this matter, hereby FINDS entry of an Order of Forfeiture is appropriate for the following reasons:

1. The proceeds of *Wire Fraud*, in violation of 18 U.S.C. §§ 1343 and 2, are forfeitable pursuant to 18 U.S.C. § 981(a)(1)(C), by way of 28 U.S.C. §2461(c), as charged in Counts 1–8 of the Indictment;

2. In the Plea Agreement Defendant entered on October 9, 2024, Defendant agreed to forfeit, pursuant to 18 U.S.C. § 981(a)(1)(C), by way of 28 U.S.C. § 2461(c), the proceeds Defendant obtained from the wire-fraud scheme charged in Count 1 of the Indictment, to which Defendant pleaded guilty, including a judgment for a sum of money (also known as a forfeiture money judgment) in the amount of $263,284.09, representing the proceeds Defendant obtained from his commission of the wire-fraud scheme charged in Count 1, Dkt. No. 33 ¶ 15;

3. In the Plea Agreement, the United States agreed that, if Defendant fully satisfies the restitution obligation set forth in paragraph 14 of the Plea Agreement at or before sentencing, the United States will credit such restitution payments toward the balance of the forfeiture money judgment, after applying proceeds of the sale of the Subject Vehicle;

4. On November 21, 2024, Defendant paid $163,284.09 to the Clerk's office, as a preliminary payment towards his restitution obligation;

5. The forfeiture money judgment is personal to Defendant Mazhar, and, pursuant to Federal Rule of Criminal Procedure ("Fed. R. Crim. P.") 32.2(c)(1), no third-party ancillary process is required before forfeiting it; and

///

///

///

COMBINED ORDER OF FORFEITURE AND
PRELIMINARY ORDER OF FORFEITURE - 2
*United States v. Mazhar*, 2:24-cr-00083-RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

NOW, THEREFORE, THE COURT ORDERS:

1. Pursuant to 18 U.S.C. § 981(a)(1)(C), by way of 28 U.S.C. § 2461(c), and Defendant's Plea Agreement, Defendant Mazhar's interest in a sum of money in the amount of $263,284.09 is fully and finally forfeited, in its entirety, to the United States;

2. Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A)–(B), this Order will become final as to Defendant Mazhar at the time he is sentenced; it will be made part of the sentence; and it will be included in the judgment;

3. No right, title, or interest in the identified sum of money exists in any party other than the United States;

4. If Defendant fully satisfies the restitution obligation set forth in paragraph 13 of the Plea Agreement at or before sentencing, the United States will credit such restitution payments toward the balance of the forfeiture money judgment, after applying proceeds of the sale of the Subject Vehicle;

5. Pursuant to Fed. R. Crim. P. 32.2(e), in order to satisfy this Order forfeiting the sum of money, in whole or in part, the United States may move to amend this Order, at any time, to include substitute property having a value not to exceed the then existing balance of forfeiture money judgment; and

6. The Court will retain jurisdiction in this case for the purpose of enforcing this Order, as necessary.

IT IS SO ORDERED.

## II.     PRELIMINARY ORDER OF FORFEITURE

The Court, having reviewed the United States' Motion, as well as the other papers and pleadings filed in this matter, hereby FINDS entry of a Preliminary Order of Forfeiture is appropriate for the following reasons:

1. The Subject Vehicle is forfeitable pursuant to 18 U.S.C. § 981(a)(1)(C), by way of 28 U.S.C. § 2461(c), as property, constituting or derived from proceeds traceable to Defendant's commission of Wire Fraud, in violation of 18 U.S.C. §§ 1343 and 2, as

COMBINED ORDER OF FORFEITURE AND
PRELIMINARY ORDER OF FORFEITURE - 3
*United States v. Mazhar*, 2:24-cr-00083-RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

charged in Count 1 of the Indictment;

2. In the Plea Agreement Defendant entered on October 9, 2024, Defendant agreed to forfeit his interest in the Subject Vehicle pursuant to 18 U.S.C. § 981(a)(1)(C), by way of 28 U.S.C. § 2461(c).

NOW, THEREFORE, THE COURT ORDERS:

1. Pursuant to 18 U.S.C. § 981(a)(1)(C), by way of 28 U.S.C. § 2461(c), and his Plea Agreement, Defendant's interest in the Subject Vehicle is fully and finally forfeited, in its entirety, to the United States;

2. Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A)–(B), this Preliminary Order will be final as to Defendant at the time he is sentenced, it will be made part of the sentence, and it will be included in the judgment;

3. The United States Department of Justice, Federal Bureau of Investigation (FBI), and/or its authorized agents or representatives shall maintain the Subject Vehicle in its custody and control until further order of this Court;

4. Pursuant to Fed. R. Crim. P. 32.2(b)(6) and 21 U.S.C. § 853(n), the United States shall publish notice of this Preliminary Order and its intent to dispose of the Subject Vehicle as permitted by governing law. The notice shall be posted on an official government website – currently www.forfeiture.gov – for at least thirty (30) days. For any person known to have alleged an interest in the Subject Vehicle, the United States shall, to the extent possible, provide direct written notice to that person. The notice shall state that any person, other than the Defendant, who has or claims a legal interest in the Subject Vehicle must file a petition with the Court within sixty (60) days of the first day of publication of the notice (which is thirty (30) days from the last day of publication), or within thirty (30) days of receipt of direct written notice, whichever is earlier. The notice shall advise all interested persons that the petition:

    a. shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property;

COMBINED ORDER OF FORFEITURE AND
PRELIMINARY ORDER OF FORFEITURE - 4
*United States v. Mazhar*, 2:24-cr-00083-RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

      b.    shall be signed by the petitioner under penalty of perjury; and,

      c.    shall set forth the nature and extent of the petitioner's right, title, or interest in the property, as well as any facts supporting the petitioner's claim and the specific relief sought.

5. If no third-party petition is filed within the allowable time period, the United States shall have clear title to the Subject Vehicle, and this Preliminary Order shall become the Final Order of Forfeiture as provided by Fed. R. Crim. P. 32.2(c)(2);

6. If a third-party petition is filed, upon a showing that discovery is necessary to resolve factual issues it presents, discovery may be conducted in accordance with the Federal Rules of Civil Procedure before any hearing on the petition is held. Following adjudication of any third-party petitions, the Court will enter a Final Order of Forfeiture, pursuant to Fed. R. Crim. P. 32.2(c)(2) and 21 U.S.C. § 853(n), reflecting that adjudication; and

7. The Court will retain jurisdiction for the purpose of enforcing this Preliminary Order, adjudicating any third-party petitions, entering a Final Order of Forfeiture, and amending the Preliminary Order or Final Order as necessary pursuant to Fed. R. Crim. P. 32.2(e).

IT IS SO ORDERED.

DATED this 6th day of January, 2025.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge

COMBINED ORDER OF FORFEITURE AND
PRELIMINARY ORDER OF FORFEITURE - 5
*United States v. Mazhar*, 2:24-cr-00083-RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970